**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| LAKEVIEW LOAN SERVICING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   **C.A. No. N24L-08-047 PRW** |
| | ) |
| COREY GREEN-HALL and | ) |
| NIKKI SMITH, | ) |
| | ) |
| Defendants. | ) |

Submitted: September 30, 2024
Decided: October 21, 2024

**ORDER DENYING**
**DEFENDANTS' SECOND AND THIRD MOTIONS TO DISMISS**

**HAVING FULLY CONSIDERED** Defendants Corey Green-Hall and Nikki

Smith's most recent Motions to Dismiss (D.I. 8 and 9), Plaintiff Lakeview Loan

Servicing's response thereto (D.I. 10 and 11), the authorities cited, and the entire

record developed thus far, it appears to the Court that:

(1)     On August 23, 2024, Plaintiff Lakeview Loan filed its complaint for a

writ of *scire facias sur mortgage* alleging that Defendants have defaulted in

payments and owes it the principal amount remaining on a mortgage for a property

known as 10 Central Avenue, Wilmington, Delaware [Tax Parcel No. 07-038.10-

345].[1]

---

[1]     D.I. 1.

-1-

(2)     Invoking this Court's Civil Rule 12(b)(3), the Defendants immediately answered with a "Motion to Dismiss for Improper Venue" wherein they insisted that this Court "is an improper venue for the claims asserted."[2]  The Court denied that first motion to dismiss on September 16, 2024.[3]

(3)     Rather than file an answer to the Complaint as then required,[4] the Defendant's docketed two new motions to dismiss.[5]

(4)     The first motion is purported to be filed by Defendant Smith alone.  It is entitled "Defendant's Motion to Dismiss for Lack of Liability" and cites as authority "Rule 12(b) of the Delaware Rules of Civil Procedure."[6]  Therein, Ms. Smith suggests that she can not be named as a defendant in this action seeking a writ of *scire facias sur mortgage* because there is no "privity of contract" between Lakeview Loan and her.[7]

(5)      The second motion is purported to be filed by Defendant Green-Hall alone.  It is entitled "Motion to Dismiss for Failure to State a Claim" and cites as

---

[2]     D.I. 5. at ¶ 1.  Through that motion, Defendants also contended that this Court lacked subject matter jurisdiction over Plaintiff's claim.  *Id.* at ¶¶ 2-3.

[3]     D.I. 7.

[4]     *See generally* Del. Super. Ct. Civ. R. 12(a)(1) (providing that when the Court denies a Rule 12(b) motion, a defendant's Answer to the Complaint is to be served within ten days of the Court's denial).

[5]     D.I. 8 and 9.

[6]     D.I. 8.

[7]     D.I. 8 at ¶ 1.

authority "Rule 12(b)(6) of the Delaware Superior Court Civil Rules."[8]  Therein, Mr. Green-Hall suggests that Lakeview Loan cannot seek a writ of *scire facias sur mortgage* because he has notified Lakeview Loan that he "took full ownership of the mortgage note, thereby guaranteeing his rights to interest" that he posits is documented and perfected in a "signed Security Instrument" he attached to his motion.[9]  According to Mr. Green-Hall, this means he has "fulfilled his obligations and [under the mortgage] and has complied with all applicable legal requirements," Lakeview Loan, therefore, "has no valid claim to proceed with this lawsuit."[10]

(6)     Lakeview Loan has docketed its response to both motions arguing that its complaint has named the proper and necessary parties to and pled sufficient facts and evidence in support of its prayer for a complaint for a writ of *scire facias sur mortgage*.[11]

(7)     Though only one cites a specific Rule 12(b) provision, each of Defendants' motions is governed by this Court's Civil Rule 12(b)(6).[12]

---

[8]     D.I. 8.

[9]     D.I. 9 ¶ 1.

[10]    *Id.* at ¶ 5.

[11]    D.I. 10.

[12]    *Freedom Mortgage Corp. v. Rayfield*, 2023 WL 2134977, at *1 (Del. Super. Ct. Feb. 17, 2023) (noting that even when a motion to dismiss is filed in a mortgage foreclosure action fails to "speak directly to any cognizable grounds for dismissal under Superior Court Civil Rule 12 . . . the Court will treat the motion as a motion to dismiss for failure to state a claim under Superior Court Civil Rule 12(b)(6)).

(8) A motion to dismiss under this Court's Rule 12(b)(6) tasks the Court with weighing the complaint's allegations against the governing reasonable conceivability pleading standard.[13] When applying Rule 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, accepts as true all of the complaint's well-pled allegations, and draws all reasonable inferences in the plaintiff's favor.[14] The complaint and any attached documents generally define the "universe of facts" this Court may consider when ruling on a 12(b)(6) motion to dismiss.[15] And in the end, this Court must deny dismissal unless the plaintiff could not recover under any reasonably conceivable set of circumstances susceptible of proof.[16]

(9) Ms. Smith seems to believe that Lakeview Loan is somehow seeking to have her pay the mortgage debt. But as *Woolley on Delaware Practice* explains the purpose of the process of *scire facias sur mortgage* is

. . . that the sheriff make known to the defendant that he be and appear

---

[13] *Windsor I, LLC v. CWCapital Asset Mgt. LLC*, 238 A.3d 863, 871-72 (Del. 2020) (Under Superior Court Rule 12(b)(6), "[t]he grant of a motion to dismiss is only appropriate when the "plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.") (internal quotations omitted).

[14] *Id.* (quoting *Deuley v. DynCorp Intern., Inc.*, 8 A.3d 1156, 1160 (Del. 2010)).

[15] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) ("The complaint generally defines the universe of facts that the trial court may consider in ruling on a Rule 12(b)(6) motion to dismiss."); *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 860 A.2d 312, 320 (Del. 2004) ("On a motion to dismiss, the Court may consider documents that are 'integral' to the complaint, but documents outside the pleadings may be considered only in 'particular instances and for carefully limited purposes.'").

[16] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 897 (Del. 2002).

-4-

> at the Superior Court on a day named "to show cause, if any he have, or know to say wherefore the said mortgaged premises with the appurtenances should not be seized and taken in execution and sold to satisfy the said (plaintiff), the mortgage money aforesaid . . . ."[17]

As such, this is an *in rem* action that does not—as Ms. Smith suggests—seek to hold her individually "liable for a debt" or to "collect any debt from Nikki Smith."[18]   It is instead, an action to foreclose on the mortgage held on the subject property.  And Ms. Smith, since November 4, 2021, has appeared on the recorded deed for that subject property.[19]

(10)   In turn, she—because of the governing statute—has been properly and necessarily named as a party in this mortgage foreclosure action.[20]   And so, Ms. Smith's motion to dismiss must be **DENIED**.

(11)   Again, Lakeview Loan has sought a writ of *scire facias sur mortgage* via 10 *Del. C.* § 5061(a) which provides, in pertinent part:

> . . . upon breach of the condition of a mortgage of real estate by

---

[17]   2 WOOLLEY ON DELAWARE PRACTICE § 1358 (1906).

[18] D.I. 8 ¶ 2.

[19]   Plaintiff's Resp. to Mots. to Dism., Ex. A (recorded deed) (D.I. 11). *See In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d at 168 (explaining that under Rule 12(b)(6) "it may be proper for a trial court to decide a motion to dismiss by considering documents referred to in a complaint . . . [and] [t]he trial may also take judicial notice of matters that are not subject to reasonable dispute.) (citing Delaware Rule of Evidence 201(b): "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[20]   DEL. CODE ANN. tit. 10, § 5061(b) (2024) ("In addition to the mortgagor, and such mortgagor's heirs . . . the following persons shall be necessary parties in every mortgage foreclosure action . . . . [r]ecord owners acquiring title subject to the mortgage (terre tenants) which is being foreclosed upon; and . . . [p]ersons having an equitable or legal interest of record.").

nonpayment of the mortgage money . . . at the time and in the manner therein provided the mortgagee . . . may, at any time after the last day whereon the mortgage money ought to have been paid . . . sue out of the Superior Court of the county wherein the mortgage premises are situated a writ of scire facias upon such mortgage . . . [21]

(12)   At this pleading stage, the Court need only determine whether Lakeview Loan has adequately alleged in its complaint that it is reasonably conceivable that it is due a writ of *scire facias* in this run-of-the-mill mortgage foreclosure action.[22] Attached to the Complaint are copies of:  (a) the mortgage on the subject property, 10 Central Avenue, Wilmington, Delaware [Tax Parcel No. 07-038.10-345] that is signed by Mr. Green-Hall;[23] (b) the assignment of that mortgage to Lakeview Loan;[24] and, (c) the original note held by Lakeview Loan.[25]   The Complaint clearly avers Mr. Green-Hall has defaulted by failing to pay the monthly installments of the mortgage when due and that he owes Lakeview Loan a remaining principal amount on the mortgage.[26]

(13)   Dismissal is warranted only if it appears with reasonable certainty that Lakeview Loan could not prove any set of facts that would entitle it to the relief it

---

[21]   DEL. CODE ANN. tit. 10, § 5061(a) (2024).

[22]   *Freedom Mortgage Corp.*, 2023 WL 2134977, at *2.

[23]   Compl., Ex. F (Mortgage) (D.I. I).

[24]   *Id.,* Ex. H (Assignment of Mortgage).

[25]   *Id.*, Ex. G (Note).

[26]   *Id*. at ¶¶ 4, 10.

seeks under 10 *Del. C.* § 5061(a).[27] Mr. Green-Hall has failed to carry that necessary burden under Rule 12(b)(6) and his separate motion to dismiss must be **DENIED**.

(14) The Court will not consider any further motions to dismiss. Defendants must file an answer to the complaint in conformity with Civil Rule 12(a)(1)—that is, the answer must be docketed on or before November 1, 2024.

**SO ORDERED this 21st day of October, 2024**.

*/s/ Paul R. Wallace*

_____

Paul R. Wallace, Judge

Original to Prothonotary

cc: All parties and Counsel of Record

---

[27] *Freedom Mortgage Corp.*, 2023 WL 2134977, at *2.